NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUDIAGA OBIJURU URIE, AKA Troy
Urie, AKA Troy Mudiaga Urie, AKA
Mydiaga Urig,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.     14-71039

Agency No. A098-409-078

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Mudiaga Obijuru Urie, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen.   We have jurisdiction under 8 U.S.C. § 1252.   We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Urie's motion to reopen as untimely and number-barred where the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Urie failed to demonstrate material changed circumstances in Nigeria to qualify for a regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 991-92 (evidence must be "qualitatively different" to warrant reopening). We reject Urie's contentions that the BIA failed to adequately review the evidence and improperly considered the 2005 country report. *See Najmabadi*, 597 F.3d at 990-91 (BIA adequately considered evidence and sufficiently announced its decision).

We grant respondent's motion for leave to file a late opposition to Urie's motion for judicial notice (Docket Entry No. 29). We deny Urie's opposed motion for judicial notice (Docket Entry No. 27). *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *cf. Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000) (the court may take judicial notice of dramatic events and will remand to the

14-71039

agency for consideration).

**PETITION FOR REVIEW DENIED.**